| | |
|---|---|
| William M. Paoli, Esq. 9S.B. No. (163759)<br>Court B. Purdy, Esq. (S.B. No. 179132)<br>**PAOLI & PURDY, PC**<br>4340 Von Karman Avenue, Suite 100<br>Newport Beach, CA 92660-2085<br>949/752-7711 - Office  949/752-8339 - Facsimile<br>OCLawyer@aol.com - email | (SPACE BELOW FOR FILING STAMP ONLY) |

Attorneys for Plaintiff,

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLY JO THOMAS, a minor, by and through her Guardian ad Litem, JESSICA THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO: **'20CV1979 CAB MDD**<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE<br>DEPT.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Negligence (Wrongful Death)**<br>2. **Municipal Liability— Failure to Provide Medical Care (42 U.S.C. § 1983)**<br>3. **Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**<br>4. **Municipal Liability— Failure to Train (42 U.S.C. § 1983)**<br>5. **Violation of Bane Act (Cal. Civil Code § 52.1)**<br><br>COMPLAINT FILED: |

## COMPLAINT FOR DAMAGES

1. Plaintiff CARLY JO THOMAS, a minor, by and through her Guardian ad Litem, JESSICA THOMAS, for her complaint against Defendants COUNTY OF SAN DIEGO, and Does 1 through 20, inclusive, alleges and complains as follows:

### INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants

1

for violating various rights under the United States Constitution and state law in connection with the failure to provide adequate medical care.

## PARTIES

3. At all relevant times, Jeremy Scott Thomas, (hereinafter referred to as "Decedent") was an individual residing in the County of San Diego, California, and who was arrested and incarcerated at the San Diego Central Jail on or about May 27, 2019..

4. Plaintiff, CARLY JO THOMAS, is a minor, having been born on March 18, 2010, and is the natural born daughter to Jeremy Scott Thomas, (hereinafter referred to as "Decedent"). CARLY JO THOMAS sues by and through her natural grandfather and Guardian Ad Litem, JESSICA THOMAS. CARLY JO THOMAS sues both in her individual capacity as the daughter of Decedent and in a representative capacity as a successor-in-interest to Decedent. CARLY JO THOMAS seeks both survival and wrongful death damages under federal and state law, and brings this action as the only surviving child of Decedent, who was receiving support from Decedent for necessities of life prior to, and until, the time of Decedent's death.

5. At all times herein mentioned, Defendants, COUNTY OF SAN DIEGO, is and was a government or public entity within the meaning of California Government Code §811.2, organized and existing under the laws of the State of California, with its principal place of business located within the County of San Diego, State of California, and, as such, Defendant, COUNTY OF SAN DIEGO, is and was a citizen of the State of California, subject to liability for tortious conduct of its employees, managers, supervisors, agents, and/or other representatives.

6. At all relevant times herein mentioned, The San Diego Sheriff's Department was, and is, a public agency responsible for protecting the public, operating the system of county jails, and providing security and law enforcement in the County of San Diego.

7. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-20 were acting on the implied and actual permission and consent of COUNTY OF SAN DIEGO.

/ / / / /

8. At all times mentioned herein, each and every COUNTY OF SAN DIEGO defendant was the agent of each and every other COUNTY OF SAN DIEGO defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY OF SAN DIEGO defendant.

9. The full extent of the facts linking the fictitiously designated Defendants with this cause of action is unknown to Plaintiff, or the true names or capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of Defendants DOE 1 through 20 are unknown to Plaintiff. Plaintiff therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges that each of the Defendants designated herein as a DOE negligently, wantonly, recklessly, tortiously and unlawfully proximately caused injury and damages to Plaintiff, as herein alleged, or if this is a wrongful death case that one or more of said DOES may be an heir at law presently unknown to Plaintiff, who has not joined as a party plaintiff. Plaintiff will hereafter ask leave of court to amend this complaint to show said Defendants' true names and capacities after the same have been ascertained.

## JURISDICTION AND VENUE

10. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth, Fourteenth, and Eightteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of San Diego, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 12 of this Complaint with the same force and effect as if fully set forth herein.

13. On or about May 27, 2019, decedent was arrested and booked at San Diego Central Jail, where he remained under the care and custody of Defendants, COUNTY OF SAN DIEGO and DOES 1 through 20, and each of them, as an inmate who was wholly dependent upon said

Defendants for his health, safety, care and treatment.

14. On or about May 27, 2019, and upon being booked into the custody of Defendants, COUNTY OF SAN DIEGO, and DOES 1 through 20, and each of them, decedent did inform said Defendants that he was suffering from medical ailments and that he had a history of addition to narcotics.

15. At all relevant times herein mentioned, Defendants, COUNTY OF SAN DIEGO, and DOES 1 through 20, and each of them, were made aware of decedent's concern for his medical health and his susceptibility to suffer the effects of narcotic drug addition and withdrawal symptoms. Specifically, decedent informed Defendants, COUNTY OF SAN DIEGO, and DOES 1 through 20, and each of them, that he had been suffering symptoms related to his narcotic drug abuse upon his having been processed through the intake section of the San Diego Central Jail.

16. At all relevant times mentioned herein, Defendants, COUNTY OF SAN DIEGO and DOES 1 through 20, and each of them, did consider Decedent as a drug addict, and, as such, refused to provide necessary medical care at a competent medical facility capable of providing adequate diagnosis and treatment of a serious heart disease.

17. On or about May 29, 2019, at approximately 4:00 a.m., decedent, Jeremy Scott Thomas complained of pain and symptoms, including chest pain to Defendants, and each of them. Upon doing so, decedent was taken to the medical unit of the San Diego Central Jail, and kept there for approximately six hours before being "discharged back to his cell" at 10:18 a.m., where he remained until he was found unresponsive in his cell sometime between 10:56 a.m., and 11:09 a.m., resulting in decedent's transportation by paramedics to the UCSD Medical Center Emergency Department, where resuscitation efforts failed and decedent was pronounced dead at 12:07 p.m.

18. At all relevant times, Defendants, DOES 1 through 10 were duly appointed officers and/or employees or agents of COUNTY OF SAN DIEGO, subject to oversight and supervision by COUNTY OF SAN DIEGO's elected and non-elected officials.

19. In doing the acts and failing and omitting to act as hereinafter described, Defendants,

4

**COMPLAINT FOR DAMAGES**

DOES 1 through 10 were acting on the implied and actual permission and consent of COUNTY OF SAN DIEGO.

20. At all times mentioned herein, each and every COUNTY OF SAN DIEGO defendant was the agent of each and every other COUNTY OF SAN DIEGO defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY OF SAN DIEGO defendant.

21. On November 25, 2019, Plaintiff, CARLY JO THOMAS, served her claim for damages with COUNTY OF SAN DIEGO pursuant to applicable sections of the California Government Code.

22. On February 11, 2020, COUNTY OF SAN DIEGO rejected Plaintiff's claim for damages in written correspondence of that date.

23. On March 27, 2020, Governor Gavin Newsom issued Executive Order N-30-20, giving the Judicial Council of California authority to adopt emergency rules necessary to respond to the Covid-19 pandemic.

24. On May 29, 2020, the Judicial Council of California revised the Emergency Rule on Statutes of Limitations on Civil Cases to Suspend from April 6, 2020 to August 3, 2020 the statute of limitations on civil causes of action that are 180 days or less, thereby tolling the statute of limitations in the instant action.

## FIRST CLAIM FOR RELIEF

### (Negligence - Wrongful Death)

25. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26. The actions and inactions of the Defendants were negligent, including but not limited to:

    (a) Employing and retaining as deputy sheriffs and other personnel, including Defendants DOES 1 through 20, who, at all relevant times mentioned herein knew or reasonably should have known had dangerous propensities for abusing

5

their authority and for mistreating inmates who they believed were drug addicts by failing to provide medical care necessary to treat symptoms they believed were related to withdrawal from narcotics;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining County of San Diego Deputy Sheriffs and other personnel, assigned to the jail, who Defendant COUNTY OF SAN DIEGO knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits to treat narcotic drug addicts as not warranting adequate medical care for symptoms said Defendants failed to recognize as a serious medical condition;

(c) By failing to adequately train Deputy Sheriffs, including DOES 1 through 20, and failing to institute appropriate policies, regarding the recognition, care and action necessary to secure medical care for inmates suffering from serious, life-threatening medical conditions, including what they erroneously believe to be symptoms of narcotic drug withdrawal;

(d) By having and maintaining an unconstitutional policy, custom, and practice of warehousing seriously ill inmates believed to be narcotic drug abusers in its medical dispensary, rather than secure medical diagnosis and care necessary to preserve life and treat serious medical conditions, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, were done with a deliberate indifference to inmates' safety and rights to receive adequate medical care while in the custody and control of said Defendants, including Decedent; and

(f) For failing to transport and/or provide medical treatment and care to Decedent who was suffering from a serious heart ailment and exhibited signs and symptoms of a serious medical condition.

/ / / / /

27. In doing or failing to do the things necessary to assure medical treatment to Decedent at all relevant times herein mentioned, Defendants, COUNTY OF SAN DIEGO and DOES 1 through 20, and each of them, breached a duty of due care owed to Decedent by acting in an unreasonable manner and warehousing Decedent at its medical dispensary rather than transport Decedent, as a seriously ill and/or injured inmate in Defendants' custody, to an external emergency medical facility in a timely manner to prevent the unnecessary and premature loss of life, by reason of Defendants' prejudice, bias and disdain for narcotic drug abusers/addicts.

28. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died and lost his ability to provide financial and personal support, including, but not limited to, the loss of his love, companionship, comfort, care, assistance, protection, affection, society, moral support, and guidance to his daughter, Plaintiff, CARLY JO THOMAS, and will continue to be so deprived for the remainder of her natural life. Plaintiff is also claiming funeral and burial expenses under this claim.

## SECOND CLAIM FOR RELIEF

**(Municipal Liability— Failure to Provide Medical Care (42 U.S.C. § 1983))**

29. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30. At all relevant times herein mentioned, each Defendant was the agent, principal, master, servant, employer, employee, partner, and joint venturer of his co-defendants, and, in doing the things hereinafter mentioned, was acting in the scope of his authority as such, with the permission and consent of his co-defendants, and each of them.

31. On or about May 29, 2019, at approximately 4:00 a.m., decedent, Jeremy Scott Thomas complained of pain and symptoms, including severe chest pain to Defendants, and each of them. Rather than provide adequate medical diagnostic examinations, Defendants, and each of them, kept Decedent at the medical office for approximately six hours while Decedent's symptoms worsen and his health further deteriorated without having transferred Decedent to a hospital facility for diagnosis and treatment of a severe heart condition.

32. At all relevant times herein mentioned, Defendants, and each of them, failed to undertake to provide medical care and treatment for Decedent's serious heart condition until he was found unconscious in his cell, at which time Defendants finally alerted paramedics who transported Decedent to the UCSD Medical Center Emergency Department, where resuscitation efforts failed and decedent was died at 12:07 p.m. on May 29, 2019.

33. As a result of the conduct of Defendants COUNTY OF SAN DIEGO, and DOES 1 through 20, inclusive, they are liable for Decedent's injuries because they were integral participants to the violations of Decedent's rights.

34. Accordingly, Defendants COUNTY OF SAN DIEGO, and DOES 1 through 20, are each liable to Plaintiff for compensatory and punitive damages.

### THIRD CLAIM FOR RELIEF

### (Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983))

35. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36. On and for some time prior to May 29, 2019 (and continuing to the present date) Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, deprived Decedent of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the Decedent, and other persons incarcerated and/or housed at the San Diego County Jail, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as deputy sheriffs and other personnel, including Defendants DOES 1-20, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating inmates who they believed were drug addicts by failing to provide medical care necessary to treat symptoms they believed were related to

8

withdrawal from narcotics;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining County of San Diego Deputy Sheriffs and other personnel, assigned to the jail, who Defendant COUNTY OF SAN DIEGO knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train Deputy Sheriffs, including DOES 1 through 20, and failing to institute appropriate policies, regarding the recognition, care and action necessary to secure medical care for inmates suffering from serious, life-threatening medical conditions, including what they erroneously believe to be symptoms of narcotic drug withdrawal; and

(d) By having and maintaining an unconstitutional policy, custom, and practice of warehousing seriously ill inmates believed to be narcotic drug abusers in its medical dispensary, rather than secure medical diagnosis and care necessary to preserve life and treat serious medical conditions, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, were done with a deliberate indifference to inmates' safety and rights to receive adequate medical care while in the custody and control of said Defendants, including Decedent.

37. By reason of the aforementioned policies and practices of Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, Decedent was caused to unnecessarily suffer severe pain and suffering and lost his life.

38. Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference

to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent and other individual inmates similarly situated.

39. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 1 through 20, acted with an intentional, reckless, and callous disregard for the life of Decedent, and Decedent's constitutional rights. Defendants DOES 1 through 20, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

40. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, were affirmatively linked to and were a significantly influential factor behind the pain, suffering and premature death of Decedent and Plaintiff's damages.

41. By reason of the aforementioned acts and omissions of Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, Plaintiff was caused to incur funeral and related burial expenses, and loss of financial support.

42. By reason of the aforementioned acts and omissions of Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, and future support.

43. Accordingly, Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

44. Plaintiff therefore seeks compensatory and punitive damages.

45. Plaintiff further seeks attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF

### (Municipal Liability – Failure to Train (42 U.S.C. § 1983))

46. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47. While acting under the color of state law and within the course and scope of their employment as Deputy Sheriffs for Defendant COUNTY OF SAN DIEGO, Defendants 1 through 20, warehoused Decedent in Defendant's medical dispensary, failing to provide

appropriate or adequate medical care by reason of Defendants' belief that Decedent was a drug addict, while Decedent's medical condition continued to decline until he was returned to his cell where he fell unconscious and prematurely died from a serious heart condition that was preventable with intervention by skilled medical staff.

48. The training policies of the Defendant COUNTY OF SAN DIEGO's Sheriff Department, were not adequate to train its Deputy Sheriffs, including but not limited to, DOES 1 through 20, with regards to recognizing the necessity of medical attention to inmates with serious medical conditions, rather than harboring disdain towards inmates suffering from narcotic drug addition, and to respond appropriately. As a result, COUNTY OF SAN DIEGO Sheriff Deputies, including DOES 1 through 20, are not able to handle the usual and recurring situations with which they must deal, including properly responding to inmates suffering from serious medical conditions, such as heart disease, rather than harboring the erroneous belief that drug addicted inmates were experiencing withdrawal from drugs. These inadequate training policies existed prior to the date of this incident and
continue to this day.

49. The Defendant COUNTY OF SAN DIEGO's Sheriff Department was deliberately indifferent to the known or obvious consequences of its failure to train its Deputy Sheriffs assigned to its jail, including DOES 1 through 20, adequately with regards to the identification and necessity to transport inmates suffering from serious medical conditions that were incapable of treatment at the jail's medical dispensary, to an appropriate local hospital before permitting the inmate to suffer death that was avoidable with the intervention by trained medical staff. This inadequate training includes failing to teach officers to identify symptoms of heart disease, to not harbor preconceived ideas about drug addicts who are in the custody and control of said Defendants, and the necessity to alert medical providers with adequate facilities to diagnose and treat serious medical conditions beyond the capability of the medical dispensary at Defendants' jail.

50. At all relevant times mentioned herein, Defendant COUNTY OF SAN DIEGO's Sheriff Department was aware that failure to implement some sort of training with

regards to their Deputy Sheriffs' officers' continued inappropriate attitude towards drug addicts, and failure to provide adequate medical care while under the custody and control of said Defendants would result in continuing to have inmates suffer needless pain and suffering, and as with the case of Decedent, premature, avoidable death.

51. The failure of the Defendant COUNTY OF SAN DIEGO's Sheriff Department to provide adequate training with regards to providing reasonable medical care to Decedent, as a drug addict suffering a serious heart disease while incarcerated at Defendants' jail, caused the deprivation of Plaintiff's rights by the death of her father. In other words, the Defendant's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury to Plaintiff by the death of her father.

52. By failing to provide adequate training to COUNTY OF SAN DIEGO's Sheriff Department jail personnel, including Defendants DOES 1 through 10, Defendants COUNTY OF SAN DIEGO and DOES 11 through 20, acted with an intentional, reckless, and callous disregard for the life of Decedent, and Decedent's and Plaintiff's constitutional rights. Defendants DOES 11 through 20, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

53. By reason of the aforementioned acts and omissions of Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, Plaintiff was caused to incur funeral and related burial expenses, and loss of financial support.

54. By reason of the aforementioned acts and omissions of Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, and future support.

55. Accordingly, Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

56. Plaintiff therefore seeks compensatory and punitive damages.

57. Plaintiff further seeks attorney fees under this claim.

/ / / / /

**COMPLAINT FOR DAMAGES**

## FIFTH CLAIM FOR RELIEF

### (Violation of Bane Act (Cal. Civil Code § 52.1))

58. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59. *California Civil Code*, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

60. Conduct that violates the Fourth Amendment violates the California Bane Act.

61. Defendants, DOES 1 through 10, and each of them, in spite of Decedent's continued complaints of ongoing and continued severe pain and symptoms of a serious heart ailment, did intimidate and coerce Decedent to return to his cell or be subject to disciplinary measures for feigning illness. Defendants' actions thus deprived Decedent of his right to medical care while under the custody and control of Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, and each of them, under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

62. The DECEDENT was detained without reasonable suspicion and TERRENCE MERCADAL and JARED ROBINET attempted to arrest DECEDENT without probable cause. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

63. Defendants, DOES 1 through 10, while working as deputy sheriff officers for the COUNTY OF SAN DIEGO Sheriff Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Decedent to have access to medical care and treatment, to equal protection of the laws, to access to the courts, and to be free from government actions that shock the conscience, by threatening or committing acts involving threats, coercion, or intimidation. Decedent, as an admitted narcotic drug addict, was also profiled by the involved employees and agents of Defendant, COUNTY OF SAN DIEGO.

64. Decedent was caused to suffer extreme mental and physical pain and suffering and

eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life. Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

65. The conduct of Defendants, DOES 1 through 10, was a substantial factor in causing the harm, loss, injuries, and damages of Decedent and Plaintiff.

66. Defendant COUNTY OF SAN DIEGO is vicariously liable for the wrongful acts of DOES 1 through 10, and each of them, pursuant to section 815.2(a) of the *California Government Code,* which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

67. The conduct of Defendants, DOES 1 through 10, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent entitling Plaintiff to an award of exemplary and punitive damages.

68. Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek survival damages for the violation of DECEDENT's rights.

69. The Plaintiff also seeks attorney fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLY JO THOMAS, a minor, by and through her Guardian ad Litem, JESSICA THOMAS, request entry of judgment in her favor and against Defendants COUNTY OF SAN DIEGO and DOES 1 through 20, inclusive, as follows:

1. For compensatory damages in excess of $20,000,000, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

2. For funeral and burial expenses, and loss of financial support;

3. For punitive damages against the individual defendants in an amount to be proven at trial;

4. For interest;

1  5.  For reasonable costs of this suit and attorneys' fees; and

2  6.  For such further other relief as the Court may deem just, proper, and appropriate.

3  DATED: August 31, 2020                    PAOLI & PURDY, PC

By: *[signature]*

WILLIAM M. PAOLI
COURT B. PURDY
Attorneys for Plaintiff,
CARLY JO THOMAS

**COMPLAINT FOR DAMAGES**