UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLY JO THOMAS,<br><br>          Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br><br>          Defendant. | Case No.: 20-CV-1979-CAB-MDD<br><br>**ORDER DENYING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>[Doc. No. 2] |

This matter is before the Court on a petition for appointment of guardian ad litem for the plaintiff in this action. As one district court explained:

> [A] guardian ad litem is not a general guardian. *See, e.g., Bacon v. Mandell*, No. 10–5506, 2012 WL 4105088, at *14 n. 21 (D.N.J. Sept. 14, 2012). A general guardian is "[a] guardian who has general care and control of the ward's person and estate." Black's Law Dictionary (10th ed. 2014). A guardian ad litem, on the other hand, is "[a] guardian, [usually] a lawyer, appointed by the court to appear in a lawsuit on behalf of an incompetent or minor party." *Id*. "Ad litem" means "[f]or the purposes of the suit; pending the suit." *Id*.; *cf., e.g., Brown v. Alexander*, No. 13–01451, 2015 WL 1744331, at *7 (N.D.Cal. Apr. 15, 2015) ("[T]he rules permitting a court to appoint a guardian ad litem exist for precisely the situation in which the child's interests are best served if he or she is represented by someone other than a custodial parent or other general guardian.").

*AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1051-52 (E.D. Cal. 2015). The appointment of a guardian ad litem, therefore, "is more than a mere formalism." *Id.* (quoting *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986)). The cursory petition currently before the court, meanwhile, treats it as such and is therefore denied.

There are several problems with the petition. First, the petition is confusing as it is written in the first person as if the minor plaintiff herself were signing it. Yet, the petition is not signed by the minor; it is signed by Plaintiff's counsel along with a signature from the proposed guardian ad litem. Second, the signatures on the petition are dated July 30, 2020, while this case, and the petition itself, were not filed until October 7, 2020.

Finally, and most significantly, the petition does not state grounds for appointment of Jessica Thomas as guardian ad litem for Plaintiff. The sole grounds stated in the petition is that Jessica Thomas is Plaintiff's natural mother, is a competent and responsible adult, and that Plaintiff resides with her. Yet, the petition also states that Plaintiff does not have a general guardian. If Plaintiff resides with Ms. Thomas, who is her natural mother, but Ms. Thomas is not Plaintiff's general guardian, further information is needed about Plaintiff's living arrangements. If, on the other hand, Ms. Thomas has custody of Plaintiff and cares for Plaintiff's needs, it is unclear how she is not Plaintiff's general guardian who could sue on Plaintiff's behalf under Federal Rule of Civil Procedure 17(c)(1)(A). *See Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013) (holding that parents' application for appointment as guardian ad litem was unnecessary, noting that "Rule 17(c)(1)(A) permits a 'general guardian' to sue in federal court on behalf of a minor, and a parent is a guardian who may so sue.") (internal quotation marks and citation omitted); *see also Yeager*, 143 F. Supp. 3d at 1051-52.

Accordingly, it is hereby **ORDERED** that the petition is **DENIED WITHOUT PREJUDICE**. Plaintiff may re-file the petition with citation to legal authority and explanation as to why appointment of her natural mother with whom she resides as

1 | guardian ad litem is necessary and appropriate in this case.
2 |     It is **SO ORDERED**.
3 | Dated:  October 8, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge