UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA THOMAS, as guardian on behalf of minor CARLY JO THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO et al.,<br><br>Defendants. | Case No.:  20-cv-1979-CAB-MDD<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 33, 35] |

    This case arises out of the death of Jeremy Scott Thomas, father of minor Carly Jo Thomas, while he was in incarcerated at the San Diego Central Jail.  The general factual allegations and procedural history are discussed in the Court's order dismissing the first amended complaint [Doc. No. 24] and will not be repeated in detail here.  In the first amended complaint, which was filed in response to a motion to dismiss from Defendant County of San Diego, Plaintiff Jessica Thomas, as guardian on behalf of minor Carly Jo Thomas, asserted claims for: (1) "negligence – wrongful death," brought against all individual Doe Defendants; (2) municipal liability for failure to provide medical care, brought against the County of San Diego under 42 U.S.C. § 1983; (3) municipal liability for unconstitutional custom, policy, or practice, brought against the County of San Diego under 42 U.S.C. § 1983; and (4) municipal liability for failure to train, brought against the

County of San Diego under 42 U.S.C. § 1983.  [Doc. No. 16 ¶¶ 25-60.]  Subject matter jurisdiction over the FAC was premised on the federal questions presented by the claims brought under 42 U.S.C. § 1983, with supplemental jurisdiction over the state law claim.

In the order dismissing, the FAC, the Court explained that a plaintiff bringing a survival action must establish her standing to bring a survival claim by executing and filing an affidavit or declaration under penalty of perjury stating, among other things, facts to support that the affiant is either the decedent's successor in interest or is authorized to act on the successor in interest's behalf in the action.  CAL. CIV. PROC. CODE § 377.32.  With respect to Plaintiff's putative survival claims, the Court ultimately held that:

> Even if the FAC could otherwise avoid dismissal, Plaintiff has failed to comply with the requirements of section 377.32 to establish her standing to bring a survival action.  Plaintiff did not file an affidavit attaching the requisite certified copy of Mr. Thomas' death certificate until May 27, 2021—nearly eight months after the filing of her initial complaint and one month after filing the FAC.  Further, although Plaintiff states that she is authorized to act on behalf of Carly Jo Thomas with respect to Mr. Thomas' interest in the action, she has not alleged sufficient facts (beyond conclusory statements) to establish that Carly Jo Thomas is Mr. Thomas' successor in interest.  *See generally* CAL. PROB. CODE §§ 6401, 6402.

[Doc. No. 24 at 9.]  The Court ultimately dismissed the FAC in its entirety but gave Plaintiff leave to amend.

On August 11, 2021, Plaintiff filed a second amended complaint (the "SAC").  [Doc. No. 31.]  The SAC asserts only three claims—one claim under 42 U.S.C. § 1983 for "objective indifference" in violation of the 14th Amendment, and two claims under California state law.  As with the FAC, the SAC alleges that the Court has federal question subject matter jurisdiction over the section 1983 claim and supplemental jurisdiction over the state law claims.  [*Id.* at ¶ 18.]  Defendants have filed motions to dismiss the SAC on numerous grounds, including that Plaintiff lacks standing to assert the section 1983 claim. [Doc. Nos. 33, 35.]

The section 1983 claim in the SAC seeks recovery for alleged violation of the decedent's constitutional rights.  [*Id.* at ¶¶ 48-49.]   Thus, this claim may only exist as a

survival claim because the SAC does not, and cannot, allege that Defendants violated Plaintiff's constitutional rights. *See Herd v. County of San Francisco*, 311 F. Supp. 3d 1157, 1163-64 (C.D. Cal. 2018) (dismissing minor daughter's individual § 1983 claim for excessive force and denial of medical treatment arising out of the shooting of her father by police, stating that "Plaintiff A.G. may not bring these claims personally because she was not directly subjected to excessive force or denied medical treatment."). Further, "'wrongful death' actions by a surviving relative cannot be brought under Section 1983, as constitutional rights cannot be vicariously asserted." *Hernandez-Cortina v. Cty. of Riverside*, No. EDCV1801579DDPSPX, 2019 WL 403957, at *3 (C.D. Cal. Jan. 30, 2019). Thus, as discussed in the order dismissing the FAC, Plaintiff may not maintain a section 1983 claim for violation of the decedent's constitutional rights unless she establishes her standing to bring this claim on behalf of the decedent's state under California law.

The SAC, however, makes no effort to satisfy the requirements for stating a survival claim on behalf of the decedent's estate. Instead, although Plaintiff filed an affidavit presumably intended to address the Court's holding that she had not satisfied the requirements of California Code of Civil Procedure section 377.32 [Doc. No. 30],[1] the SAC explicitly states that she "does not seek damages under a survival action on behalf of Jeremy's estate." [*Id.* at ¶ 7.] Accordingly, because section 1983 claims can only be survival claims, and the SAC explicitly disclaims that it is asserting a survival claim, the first claim in the SAC brought under 42 U.S.C. § 1983 for violation of decedent's constitutional rights is dismissed for lack of standing.

Having found, based on the face of the SAC, that Plaintiff lacks standing to assert the only federal claim in the SAC, the Court lacks authority to retain supplemental jurisdiction over the remaining state law claims. *Scott v. Pasadena Unified Sch. Dist.*, 306

---

[1] This new affidavit further demonstrates that Plaintiff's failure to distinguish between wrongful death claims and survival claims, stating that "Carly Jo Thomas is the sole person entitled to recover damages for wrongful death of her father under intestate succession." [Doc. No. 30 at ¶ 4.]

F.3d 646, 664 (9th Cir. 2002) ("[W]ith the dismissal of [the plaintiff's] federal constitutional claim for lack of standing, we have no authority to retain jurisdiction over [the plaintiff's] state law claims."). Accordingly, the state law claims are dismissed for lack of subject matter jurisdiction.[2]

In light of the foregoing, it is hereby **ORDERED** that the pending motions to dismiss [Doc. Nos. 33, 35] are granted to the extent they ask the Court to dismiss Plaintiff's section 1983 claim for lack of standing, and otherwise are denied without prejudice to raising the remaining arguments for dismissal of the state law claims if Plaintiff re-files her state law claims in state court. It is further **ORDERED** that the second amended complaint is **DISMISSED** without prejudice to Plaintiff re-filing her state law wrongful death claims in state court. The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated: September 24, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] Moreover, even if the Court had authority to retain jurisdiction over the state law claims, the Court would decline to do so because "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)).